UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


WILLIAMS                                    CIVIL ACTION

VERSUS                                      NO: 12-2935

CARDINAL HEALTH 200, LLC                    SECTION: "J" (2)


                         **ORDER AND REASONS**

   Before the Court is Plaintiff's **Motion for New Trial (Rec. Doc. 48)** and Defendant's opposition thereto (Rec. Doc. 50). Plaintiff's motion is set for hearing, on the briefs, on July 31, 2013. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Plaintiff's motion should be **DENIED** for the reasons set forth more fully below.

              **PROCEDURAL HISTORY AND BACKGROUND FACTS**

   This suit arises out of claims of race discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000(e) *et seq*., and race and gender discrimination in violation of Louisiana Revised

                                    1

Statute § 23:332. The full set of facts leading up to this case was recently summarized by the Court in its Order and Reasons issued on May 31, 2013 (Rec. Doc. 46); therefore, it is not necessary to re-summarize the entirety of the facts.[1] The facts relevant to the instant motion are as follows:

In September 2011, while Natasha Williams ("Plaintiff") was employed by Cardinal Health 200, LLC ("Defendant"), she alleges that her husband engaged in a fist fight with one of her co-workers at an off-site restaurant during her dinner break. After the altercation, Defendant placed Plaintiff on paid leave pending an investigation, but allegedly notified her that she could return to work on September 19, 2011. The day before Plaintiff was scheduled to return to work, Plaintiff's husband revealed that he fought her co-worker because the co-worker, unbeknownst to Plaintiff, had sent allegedly inappropriate text messages to Plaintiff's phone. Plaintiff alleges that she reported the text messages to her supervisors on September 19, 2011 when she returned to work, and that one week later, on September 26, 2011, Defendant terminated her employment. Plaintiff contends that her termination was in retaliation for her report of the

---

[1] For a full recitation of the facts, see <u>Williams v. Cardinal Health 200, LLC</u>, 12-cv-2935, 2013 WL 2404802, *1 (E.D. La. May 31, 2013).

text messages and/or due to her race or gender.

Defendant filed a motion to dismiss on April 17, 2013. (Rec. Doc. 25) While the motion was pending, Plaintiff filed two amended complaints on April 18, 2013 and April 26, 2013. (Rec. Docs. 27, 35) Defendant filed a second motion to dismiss on May 10, 2013. (Rec. Doc. 42) In its first motion to dismiss, Defendant argued that Plaintiff did not exhaust her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") or the Louisiana Commission on Human Rights ("LCHR") within 300 days of her termination, as is required to state a claim under Title VII. In its second motion to dismiss, Defendant claimed that Plaintiff's state law claims were prescribed.  The Court granted both motions in its order and reasons issued on May 31, 2013, holding that Plaintiff's EEOC Intake Questionnaire could not be treated as a Notice of Charge for the purposes of satisfying Title VII's administrative exhaustion requirement, and that Plaintiff's state law claim had prescribed. (Rec. Doc. 46) The Court therefore entered a judgment dismissing Plaintiff's claims with prejudice on June 11, 2013. (Rec. Doc. 47) Plaintiff filed the instant motion for a new trial on June 27, 2013. (Rec. Doc. 48) Defendant filed its opposition on July 15, 2013. (Rec. Doc. 50)

**PARTIES' ARGUMENTS**

Citing <u>Coutrade v. Harrah's Operaton Company, Inc.</u>, 10-4036, 2011 WL 121939 (E.D. La., Jan. 10, 2011) (Wilkinson, Mag. J.), Plaintiff asserts that she must be afforded a new trial to "correct manifest errors and to prevent manifest injustice." Plaintiff advances three errors: (1) that the Court disregarded Plaintiff's Intake Questionnaire that was submitted to the EEOC on July 11, 2012, (2) that the Court held Plaintiff responsible for the EEOC's errors, and (3) that the Court improperly determined that Defendant did not have adequate notice of Plaintiff's claims. Additionally, Plaintiff asserts that, if the Court grants her motion on the grounds laid out above, the prescription issues with Plaintiff's state law claim will be cured.

Defendant asserts that Plaintiff's motion is improperly captioned and should be treated as a motion to amend or alter judgment under FEDERAL RULE OF CIVIL PROCEDURE 59(e). Defendants cite to <u>Celtic Marine Corporation. v. James C. Justice Companies, Inc.</u>, 11-3005, 2013 WL 2390018 (E.D. La. May 30, 2013) (Barbier, J.) to argue that a motion under Rule 59(e) may only be granted if there is a manifest error in law or fact, an intervening

change in the law, or newly discovered evidence that could not have been previously found. Defendant argues that Plaintiff does not meet this standard for several reasons.

First, Defendant asserts that, in arguing that the Court ignored the Intake Questionnaire from July 11, 2012, Plaintiff "ignores the fact that a charge must be verified [and that the questionnaire was not]" and merely "rehashes her reliance on" Price v. Southwestern Bell Telephone Co., 687 F.2d 74 (5th Cir. 1982) despite the fact that the Court distinguished the case and declined to rely on it. (Rec. Doc. 50, p .3)

Next, Defendant argues that the "bureaucratic blundering" claimed by Plaintiff was exacerbated or even caused by Plaintiff's and Plaintiff's counsel's errors, thus is not grounds to find that the Intake Questionnaire alone was sufficient to satisfy Title VII's administrative exhaustion remedy. As to Defendant's knowledge of the claim, Defendant notes that Plaintiff has never provided any legal support for her contention "that an employer's general knowledge that a former employee is displeased with the termination of her employment is sufficient to waive the employee's obligation to timely file a perfected charge." (Rec. Doc. 50, p. 5)

Finally, Defendant asserts that prescription ran on

5

Plaintiff's state law claims because there was no administrative investigation to toll the prescriptive period. Further, even if the submission of the Intake Questionnaire began an investigation, it was only as to the retaliation claim. Moreover, Defendant argues that Plaintiff's state law claims must be dismissed for "failure to comply with La. Rev. Stat. Ann. 23:303(c), which requires the Plaintiff to provide written notice of employment discrimination claims at least thirty (30) days in advance of an court action," which Plaintiff did not do. (Rec. Doc. 50, p. 7)

## **LEGAL STANDARD AND DISCUSSION**

A motion for new trial that substantively challenges a judgment and that is filed within twenty-eight days[2] of the judgment of dismissal is treated as a motion to alter or amend the judgment under FEDERAL RULE OF CIVIL PROCEDURE 59(e). Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 288 (5th Cir. 1989); see also, Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669-70 (5th Cir. 1986) ("[A]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." (internal citation

---

[2] In Forsythe, the court states that the motion must be filed within ten days. The time to file the motion has since been changed from ten days to twenty-eight days, however. See 2009 Amendments FED. R. CIV. PRO. 59(e) (West 2012).

6

omitted)).

This Court recently discussed the standard under which to analyze a motion to alter or amend under Rule 59(e) in <u>Celtic Marine Corp.</u>. There, the Court stated that:

> Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).
> The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *Ross v.*

>*Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

Celtic Marine Corp., 2013 WL 2390018 at *1.

In her motion, Plaintiff does not assert that there was an intervening change in controlling law, nor does she present new evidence that was not previously available. Therefore, Plaintiff must establish that there was a manifest error in law or fact. Plaintiff asserts three grounds on which to grant her motion: (1) that the Court failed to examine the Intake Questionnaire, (2) that the Court held Plaintiff responsible for the EEOC's errors, and (3) that Defendant had sufficient notice of the charge. The Court finds no merit in these arguments for the reasons that follow.

Plaintiff argues that "the Court did not examine the information contained in the July 11, 2012 submission" to the EEOC. Rec. Doc. 48-1, p. 2. This allegation is baseless because the Court discussed the Intake Questionnaire for over two pages before it merely disagreed with Plaintiff's reliance on Price. Rec. Doc. 46. Plaintiff presents no new arguments and repeats verbatim much of her opposition to Defendant's motion to dismiss. Because it is clear that Plaintiff merely seeks to re-litigate

previous matters, her motion may not be granted on this ground.

Plaintiff also argues that "the Court held the plaintiff responsible for the EEOC's actions" when it concluded that "the plaintiff's failure to respond to the July 17, 2012 letter derailed the EEOC's administrative process." Rec. Doc. 48-1, p.7. Plaintiff contends that counsel for the Plaintiff was not included in correspondence from the EEOC to Plaintiff, and that the Court mistakenly determined that Plaintiff's failure to respond to the letter asking for more information ended the investigation. Again, the Court clearly addressed the letter requesting more information in its May 31st Order, stating that

> the Intake Questionnaire did not describe the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to Plaintiff's employer, nor did it initiate the administrative process. Moreover, the letter mailed to Plaintiff specifically informed Plaintiff that if she did not respond within thirty days (which she did not) the EEOC would assume that she *did not want to file a charge.* This language makes it plainly clear that as of July 17, 2012, the EEOC did not consider that Plaintiff had filed a charge of discrimination. Likewise, Plaintiff's failure to respond to the EEOC's letter further confirms that as of August 16, 2012, as per the EEOC's letter, no charge had been filed. As such, the Court finds that *Price* is distinguishable from the instant case and does not support Plaintiff's argument that the Intake Questionnaire constituted an EEOC charge.

Id. at *6 (internal citations omitted). As with the prior

challenge, Plaintiff's allegations of error merely reflect her dissatisfaction with this ruling, and thus do not constitute grounds to reverse the judgment.

Finally, Plaintiff insists that Defendant had sufficient notice of the claims on September 26, 2011 (the day of Plaintiff's termination) and on October 1, 2012 when the EEOC sent to Defendant the Notice of Charge of Discrimination. Moreover, Plaintiff argues that the EEOC had all of the information that it needed to notify Defendant on July 11, 2012, but failed to do so. Both of these contentions are either meritless or have already been treated by this Court. The Court determined on original hearing that the notice on October 1, 2012 occurred after the 300 day period to file a charge. Additionally, the EEOC clearly determined that it *did not* have sufficient information with which to notify Defendant about a charge of discrimination, as evidenced by the letter to Plaintiff asking for more information before a charge was filed. Finally, there is simply no evidence or legal authority to support the allegation that the Defendant should have been on notice that a legal claim of discrimination would be filed on the day that it terminated Plaintiff. Such a rule would create a world in which an employee's rightful disappointment with being terminated would

create automatic and implied notice of the intent to file an official complaint.

The Court finds that Plaintiff has not presented any evidence that there was a manifest error in law or fact. Plaintiff's contention that "the Court on original hearing came to the erroneous conclusion that the plaintiff never filed a charge with the EEOC" does not constitute manifest error, but rather only asserts that Plaintiff disagrees with the Court. (Rec. Doc. 48-1, p. 2.) A Rule 59(e) motion is not the mechanism by which to re-hash foreclosed arguments and express dissatisfaction with an order of this Court. Because the Court finds that Plaintiff's motion should be denied as to the EEOC charge claims, Plaintiff's argument "that if the new trial is granted with respect to the Title VII claim, the effect would be to cure the prescription issue on the state law claim" also fails. (Rec. Doc. 48-1, p. 10.)

**IT IS ORDERED** that Plaintiff's **Motion for New Trial (Rec. Doc. 48)** is **DENIED**.

New Orleans, Louisiana, this 7th day of August, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT